## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Floyd Hantz,<br><br>              Plaintiff,<br>v.<br><br>Flagstar Bancorp, Inc.,<br><br>              Defendant. | Civil Action No.: _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Floyd Hantz, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Floyd Hantz ("Plaintiff"), is an adult individual residing in Battle Creek, Michigan, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Flagstar Bancorp, Inc. ("Flagstar"), is a Michigan business entity with an address of 5151 Corporate Drive, Troy, Michigan 48098, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5. In 2015, Flagstar began calling Plaintiff's cellular telephone, number 269-xxx-0443, using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

6. When Plaintiff answered calls from Flagstar, he heard a prerecorded message.

7. When Plaintiff did not answer calls, Flagstar left prerecorded voicemail messages for Plaintiff.

8. On or about August 15, 2015, Plaintiff spoke with Flagstar and requested that it cease calling his cellular telephone number.

9. Nevertheless, Flagstar continued to place automated calls to Plaintiff's cellular telephone number.

10. Plaintiff was annoyed, frustrated, and distracted by Flagstar's repeated calls to his cellular telephone, including while he was at work and while he was sleeping.

11. In addition, Flagstar's calls to Plaintiff's cellular telephone took over Plaintiff's personal property during the time that the phone calls were incoming and caused Plaintiff tangible harm by depleting his cell phone's battery and to the extent Plaintiff incurred the cost of electricity to recharge his cell phone.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and using a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications

Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Flagstar's telephone system(s) have some earmarks of a predictive dialer.

16. Flagstar's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. In addition, when Plaintiff answered calls from Flagstar, he heard a prerecorded message.

18. Flagstar continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Flagstar was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

20. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

21. The calls from Flagstar to Plaintiff were not placed for "emergency purposes" as

defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 7, 2017

Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lemberg, Esq
Attorney for Plaintiff Floyd Hantz
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com